**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIXIN TANG,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>　　　　　Respondent. | No.　18-71191<br><br>Agency No. A205-181-359<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2020[**]

Before:　　MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Lixin Tang, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings,

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on internal inconsistencies in Tang's testimony and inconsistencies between his testimony and documentary evidence. *See id.* at 1048 (adverse credibility determination reasonable under "the totality of circumstances"). Tang's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Substantial evidence also supports the agency's finding that Tang's documentary evidence did not independently establish his eligibility for asylum or withholding of removal. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). Thus, in the absence of credible testimony, in this case, Tang's asylum and withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Tang's CAT claim also fails because it is based on the same testimony that the agency found not credible, and Tang does not point to any other evidence that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to China. *See Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

**PETITION FOR REVIEW DENIED.**

18-71191